IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRESIDIO, INC., PRESIDIO HOLDINGS, INC., and PRESIDIO NETWORKED SOLUTIONS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ERIC CLOSSON and MATTHEW MCPHERSON,<br><br>Defendants. | Civil Action No. 22-494-CFC |

## MEMORANDUM ORDER

Presidio, Inc., Presidio Holdings, Inc., and Presidio Networked Solutions, LLC (collectively, Presidio) filed the Complaint in this action against Defendants Eric Closson and Matthew McPherson in the Delaware Court of Chancery. D.I. 4. Defendants timely filed a Notice of Removal in this Court based on diversity jurisdiction under 28 U.S.C. § 1332. D.I. 1. Presidio has moved to remand the case to the Court of Chancery pursuant to 28 U.S.C. § 1447(c). D.I. 10. Presidio argues that remand is required because forum selection clauses in the employment agreements at issue in the case waived the parties' right to remove an action to federal court from the Court of Chancery. D.I. 10 at 3–4.

"It is settled that the removal statutes [28 U.S.C. §§ 1441–1452] are to be strictly construed against removal and all doubts should be resolved in favor of

remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). The party seeking removal bears the burden to establish federal jurisdiction. *Id.* That burden is a high one when seeking to avoid a forum selection clause. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972), *overruled on other grounds by Lines v. Chesser*, 490 U.S. 495 (1989). "Such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen*, 407 U.S. at 10.

To determine whether parties have contractually waived the right to remove to federal court, a court should "us[e] the same benchmarks of construction and, if applicable, interpretation as it employs in resolving all preliminary contractual questions." *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1217 n.15 (3d Cir. 1991). Thus, the court looks to the "plain and ordinary meaning" of the forum selection clause to determine whether it amounted to a waiver of the right to remove. *New Jersey v. Merrill Lynch & Co., Inc.*, 640 F.3d 545, 548 (3d Cir. 2011) (citing *Buono Sales, Inc. v. Chrysler Motors Corp.*, 449 F.2d 715, 721 (3d Cir. 1971)).

The employment agreements at issue contain the same forum selection clause. That clause, titled "Consent to Jurisdiction," reads in relevant part:

> i. EACH OF THE PARTIES HERETO HEREBY CONSENTS TO THE EXCLUSIVE JURISDICTION OF

2

> THE CHANCERY COURTS OF THE STATE OF DELAWARE AND THE U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE . . . FOR THE PURPOSE OF ANY SUIT, ACTION OR OTHER PROCEEDING ARISING OUT OF, OR IN CONNECTION WITH, THIS AGREEMENT.
>
> ii. EACH PARTY HEREBY . . . COVENANTS THAT IT SHALL NOT SEEK . . . TO CHALLENGE OR SET ASIDE ANY DECISION, AWARD OR JUDGMENT OBTAINED IN ACCORDANCE WITH THE PROVISIONS HEREOF.
>
> iii. *EACH OF THE PARTIES HERETO HEREBY EXPRESSLY WAIVES ANY AND ALL OBJECTIONS IT MAY HAVE TO VENUE,* INCLUDING, WITHOUT LIMITATION, THE INCONVENIENCE OF SUCH FORUM, *IN ANY OF SUCH COURTS.* . . .

D.I. 10, Ex. A § 6.e, Ex. B § 6.e (capitalization in the original) (emphasis added).

Thus, under the employment agreements, the parties waived "any and all" objections they might have to venue "in any of such courts"—i.e., the Court of Chancery and this Court. I agree, then, with Presidio that this clause constitutes an unambiguous waiver of the right to challenge a party's selection of either the Court of Chancery or this Court as a venue to litigate a dispute arising out of the employment agreements. Accordingly, once Presidio selected the Court of Chancery as the venue to litigate its Complaint, Defendants waived their right to object—by removal or otherwise—to that venue.

Defendants argue that "[t]his provision does not operate as a 'plain and ordinary' waiver of the right to remove because the parties intended that relevant

3

disputes would be litigated in a court in Delaware—not that it would be required to remain in state court solely because Presidio happened to file a lawsuit in state court first." D.I. 14 at 6. Defendants are correct insofar as the forum selection clause shows that the parties intended to litigate their disputes in one of two courts (not "a court" or "any" court) located in Delaware—either the Chancery Court or this Court. But the plain and ordinary language of the clause also makes clear that the parties waived their right to make "any and all" venue objections if a party brought suit in one of those courts.

Defendants' reading of the forum selection clause would render nugatory the waiver-of-objections-to-venue clause. Tellingly, Defendants make no attempt in their briefing to explain what the parties intended by the words "each of the parties hereto hereby expressly waives any and all objections it may have to venue . . . in any of such courts." The parties agree that Delaware law governs the interpretation of the employment agreements. *See* D.I. 14 at 5; D.I. 15 at 5. And under Delaware law, when interpreting contracts, courts "give[] meaning to every word in the agreement and avoid[] interpretations that would result in 'superfluous verbiage.'" *Seidensticker v. Gasparilla Inn, Inc.*, 2007 WL 4054473, at *3 (Del. Ch. Nov. 8, 2007).

In short, by waiving "any and all objections" to venue in the Court of Chancery or this Court, Defendants waived their right to remove this lawsuit from Presidio's chosen forum.

Defendants insist, and I recognize, that this holding is in tension with *Sanyo Electric Co. v. Intel Corp.*, 2019 WL 1650067 (D. Del. Apr. 17, 2019). In that case, the court rejected Sanyo's argument that Intel's adoption of a forum selection clause virtually identical to the clause at issue in this case constituted a waiver of Intel's right to remove to this Court a case Sanyo had filed in the Court of Chancery. The forum selection clause in *Sanyo* read:

> All disputes and litigation arising out of or related to this Agreement, including without limitation matters connected with its performance, shall be subject to the exclusive jurisdiction of the courts of the State of Delaware or of the Federal courts sitting therein. Each Party and each Granting Subsidiary hereby irrevocably submits to the personal jurisdiction of such courts and irrevocably waives all objections to such venue.

*Id.* at *5. The court in *Sanyo* held that "on its face" this clause "states that either federal or state court is permitted so long as the court is in Delaware" and that the clause "indicate[s] an agreement to certain geographical locations for the convenience of the parties *rather than* a waiver of the defendant's rights to removal." *Id.* (internal quotation marks and citation omitted) (emphasis added).

I agree with the court's determination in *Sanyo* that the clause at issue indicates an agreement to limit the geographic location of acceptable litigation fora

5

to Delaware. But agreeing that a suit can be litigated in either state or federal courts located in Delaware is one thing. Agreeing that a suit must be litigated in the court in which it was first filed is another thing. The two are neither the same nor mutually exclusive; it does not follow as a matter of logic that because the parties agreed to sue in Delaware, they did not also agree to waive the transfer (or removal) of a suit brought initially in one of those Delaware courts to another Delaware court.

The court's interpretation of the forum selection clause in *Sanyo* gives no meaning to the words "irrevocably waives all objections to venue." For that reason, I do not find it persuasive.

NOW THEREFORE, at Wilmington on this Twenty-second day of December in 2022, it is **HEREBY ORDERED** that Plaintiffs' Motion to Remand (D.I. 10) is **GRANTED**.

                                                _/s/ Colm F. Connolly_
                                                           CHIEF JUDGE